RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
NAVID AFSHAR
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Navid_Afshar@fd.org

Attorney for Tristin Cole Caldwell

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>TRISTIN COLE CALDWELL,<br><br>        Defendant. | Case No. 2:22-mj-00991-DJA-1<br><br>ORDER<br>TO CONTINUE PRELIMINARY HEARING AND NON-JURY TRIAL<br>(SECOND REQUEST) |

IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney, and Christopher Burton, Assistant United States Attorney, counsel for the United States of America, and Rene L. Valladares, Federal Public Defender, and Navid Afshar, Assistant Federal Public Defender, counsel for Tristin Caldwell, that the Preliminary Hearing and Non-Jury Trial currently scheduled on March 13, 2023, be vacated and continued to a date and time convenient to the Court, but no sooner than thirty (30) days.

This Stipulation is entered into for the following reasons:

1.   Under Federal Rule of Criminal Procedure 5.1(c), the Court "must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody . . . ."

2.   However, under Rule 5.1(d), "[w]ith the defendant's consent and upon a showing of good cause—taking into account the public interest in the prompt disposition of

criminal cases—a magistrate judge may extend the time limits in Rule 5.1(c) one or more times . . . ."

3. Furthermore, under the Speedy Trial Act, 18 U.S.C. § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

4. Counsel for the defendant needs additional time to conduct investigation in this case in order to determine whether there are any pretrial issues that must be litigated and whether the case will ultimately go to trial or will be resolved through negotiations.

5. The parties have agreed in principle on a proposed resolution to present to this Court.

6. Further time is needed to finalize any proposed resolution.

7. The parties agree to the continuance.

8. Defendant is incarcerated and does not object to a continuance.

9. In addition, the parties stipulate and agree that the time between today and the scheduled preliminary hearing is excludable in computing the time within which the defendant must be indicted, and the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b) and (h)(7)(A), considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

10. Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time requested by this Stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i), (iv).

2

This is the second request for continuance filed herein.

DATED this 8th day of March, 2023.

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | JASON M. FRIERSON<br>United States Attorney |
| By /s/ *Navid Afshar*<br>NAVID AFSHAR<br>Assistant Federal Public Defender<br>Attorney for Tristin Cole Caldwell | By /s/ *Christopher Burton*<br>CHRISTOPHER BURTON<br>Assistant United States Attorney |

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRISTIN COLE CALDWELL,<br><br>　　　　　Defendant. | Case No. . 2:22-mj-00991-DJA-1<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER** |

## FINDINGS OF FACT

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. Under Federal Rule of Criminal Procedure 5.1(c), the Court "must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody . . . ."

2. However, under Rule 5.1(d), "[w]ith the defendant's consent and upon a showing of good cause—taking into account the public interest in the prompt disposition of criminal cases—a magistrate judge may extend the time limits in Rule 5.1(c) one or more times . . . ."

3. Furthermore, under the Speedy Trial Act, 18 U.S.C. § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

4. Counsel for the defendant needs additional time to conduct investigation in this case in order to determine whether there are any pretrial issues that must be litigated and whether the case will ultimately go to trial or will be resolved through negotiations.

5. The parties have agreed in principle on a proposed resolution to present to this Court.

6. Further time is needed to finalize any proposed resolution.

7. The parties agree to the continuance.

8. Defendant is incarcerated and does not object to a continuance.

9. In addition, the parties stipulate and agree that the time between today and the scheduled preliminary hearing is excludable in computing the time within which the defendant must be indicted, and the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b) and (h)(7)(A), considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

10. Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time requested by this Stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i), (iv).

**CONCLUSIONS OF LAW**

The ends of justice served by granting said continuance outweigh the best interest of the public and the defendant in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence.

The continuance sought herein is excludable under the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), when the considering the facts under Title 18, United States Code, §§ 316(h)(7)(B) and 3161(h)(7)(B)(iv).

**ORDER**

Based on the stipulation of counsel, good cause appearing, and the best interest of justice being served; the time requested by this stipulation being excludable in computing the time within which the defendant must be indicted and the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b) and (h)(7)(A), and Federal Rule of Criminal Procedure 5.1, considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i) and (iv):

IT IS THEREFORE ORDERED that the Preliminary Hearing and Non-Jury Trial currently scheduled on March 13, 2023 at the hour of 4:00 p.m., be vacated and continued to May 1, 2023, at 4:00 p.m., Courtroom 3A.

DATED this 9th day of March, 2023.

_____
DANIEL J. ALBREGTS
United States Magistrate Judge